JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

KENNETH MONROE,                    )   Case No. CV 10-7522-JST (DTB)
                    Petitioner,    )
                                   )   ORDER OF SUMMARY DISMISSAL
        vs.                        )
                                   )
FRANCISCO QUINTANA,                )
                    Respondent.    )
_____   )

  Petitioner is a federal inmate, currently incarcerated at the federal correctional institution in Adelanto, California.  On October 7, 2010, he filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody herein, ostensibly pursuant to 28 U.S.C. § 2241.

  It appears from the face of the Petition that petitioner's current incarceration stems from a 276-month sentence he received on February 5, 2008[1], following his conviction in the Eastern District of North Carolina for violations of 18 U.S.C. §§ 1951(a) and 924(c)(1) and (2).  It further appears from the face of the Petition that

_____

[1]  In the Petition, petitioner asserts that his judgment of conviction occurred on August 27, 2007 (Petition at 1).  However, a review of the docket in case number 5:07-CR-93-1BR reveals that he was sentenced on February 5, 2008, by Senior United States District Judge W. Earl Britt.

1

1  petitioner did not appeal from the judgment of conviction or sentence, or seek relief
2  under 28 U.S.C. § 2255.

3       Under 28 U.S.C. § 2255:

4            "A prisoner in custody under sentence of a court established by Act of
5       Congress claiming the right to be released upon the ground that the sentence
6       was imposed in violation of the Constitution or laws of the United States, or
7       that the court was without jurisdiction to impose such sentences, or that the
8       sentence was in excess of the maximum authorized by law, or is otherwise
9       subject to collateral attack, may move the court which imposed the sentence to
10      vacate, set aside or correct the sentence."

11

12      As the Supreme Court observed in United States v. Addonizio, 442 U.S. 178,
13  185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979), the statute "was intended to alleviate
14  the burden of habeas corpus petitions filed by federal prisoners in the district of
15  confinement, by providing an equally broad remedy in the more convenient
16  jurisdiction of the sentencing court."

17      In this regard, § 2255 specifically provides that "[a]n application for a writ of
18  habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion
19  pursuant to this section, shall not be entertained if it appears that the applicant has
20  failed to apply for relief, by motion, to the court which sentenced him, or that such
21  court has denied him relief, unless it also appears that the remedy by motion is
22  inadequate or ineffective to test the legality of his detention." See, e.g., Moore v.
23  Reno, 185 F.3d 1054, 1055 (9th Cir. 1999)(affirming the district court's dismissal of
24  a habeas petition collaterally attacking the validity of a conviction on the ground that
25  the petitioner had failed to show § 2255 was an inadequate remedy), cert. denied, 528
26  U.S. 1178 (2000); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied,
27  488 U.S. 982 (1988).

28      Here, petitioner has provided no facts or evidence to support a conclusion that

2

a § 2255 motion would be an "inadequate or ineffective" remedy to contest the legality of petitioner's current detention. Moreover, the prospect that his § 2255 motion may be found time barred also is insufficient to render a § 2255 motion an "inadequate or ineffective" remedy to contest the legality of petitioner's current detention. See Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004); United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000); Charles v. Chandler, 180 F.3d 753, 758 (6th Cir. 1999); see also Moore, supra. Accordingly, the Court finds that petitioner has failed to make the requisite showing that § 2255 is an inadequate or ineffective remedy.

IT THEREFORE IS ORDERED that the Petition is DENIED and this action is hereby dismissed without prejudice to petitioner directing his claims to the sentencing court in the form of a § 2255 motion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: ___11·17·2010___

JOSEPHINE STATON TUCKER
UNITED STATES DISTRICT JUDGE

Presented by:

David T. Bristow
United States Magistrate Judge

3